**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JANE DOE** | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 1:26-cv-02317-KMN |
| **TELADOC HEALTH, INC., BETTERHELP, INC. D/B/A REGAIN, AND BRIAN P. DALY** | : | JURY TRIAL DEMANDED |
| Defendants | : | |

## FIRST AMENDED COMPLAINT

AND NOW, comes the Plaintiff, by Andreozzi + Foote, who files this First Amended Complaint against the Defendants, Teladoc Health, Inc., BetterHelp, Inc. d/b/a Regain, and Brian P. Daly and in support thereof, state as follows:

## PARTIES

1. Plaintiff Jane Doe ("Plaintiff" or "Jane Doe") is an adult female residing in the state of Pennsylvania.[1] Plaintiff can be contacted through counsel, Andreozzi + Foote, 4503 North Front Street, Harrisburg, PA 17110.

[1] Plaintiff is identified by her initials because this action concerns sexual harassment connected to her personal mental health treatment, and public identification would cause her additional harm. Her identity will/has been disclosed to Defendant and defense counsel..

2. Defendant Teladoc Health, Inc. ("Teladoc Health"), is a domestic corporation formed in Delaware with a registered office at 251 Little Falls Drive, Wilmington, DE 19808.

3. Defendant BetterHelp. Inc. ("BetterHelp") d/b/a Regain, is a domestic corporation formed in Delaware with a registered address at 251 Little Falls Drive, Wilmington, DE 19808.

4. Defendant Brian P. Daly ("Daly" or "Perpetrator"), upon information and belief, is a licensed professional. At all times relevant hereto, Daly was an actual, apparent, and/or ostensible agent, servant, and/or employee of Defendants acting generally within the scope and course of his employment.

5. Pennsylvania licensing records list Brian P. Daly as a professional counselor with an expired license number of PC005544.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. § 1332, as the parties are diverse and the amount in controversy exceeds $75,000.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants conduct business in this District, and/or a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## FACTS

### Scope of Teladoc Health, BetterHelp, and Regain

8. Upon information and belief, BetterHelp is a wholly owned subsidiary of Teladoc Health, the parent corporation, that operates an online platform through which licensed mental health professionals provide teletherapy services to consumers.

9. Regain is a trade name and/or service operated by BetterHelp through which BetterHelp offers couples counseling and relationship therapy services.

10. In its 2025 annual report, Teladoc Health prides itself as "the global leader in virtual health" with a mission to "empower all people everywhere to live their healthiest lives by transforming the healthcare experience".

11. Teladoc's annual report describes BetterHelp as providing "online counseling and therapy services" through a network of nearly 35,000 licensed clinicians who use its platform for web, mobile app, phone, and text-based interactions.

12. Upon information and belief, Teladoc Health exercised control over the policies, procedures, technology, business operations, and patient safety protocols governing BetterHelp and Regain platforms, and derived revenue from those platforms.

**Plaintiff is Sexually Harassed by BetterHelp Counselor**

13. On or around September 4, 2024, Plaintiff reached out to Regain and BetterHelp to request a therapist with experience in Polyamory and Nonmonogamies relationships.

14. BetterHelp matched Plaintiff with therapist and perpetrator, Brian Daly.

15. Daly's website advertises "mental health maintenance" for all ages and states: "[m]y personal goal is to promote your psychological health and well-being…. If you are willing to commit to an honest exploration of the negative coding that binds you, I am willing to commit to creating a safe but vibrant environment where exploration becomes an adventure for you."

16. Unfortunately, Plaintiff's experience with Daly made her feel anything but safe.

17. On September 12, 2024, at approximately 7:20 p.m., Plaintiff and Daly had their first and only therapy session.

18. Daly attempted to call Plaintiff through the Regain and/or BetterHelp app. However, they were unable to connect and Daly ended up calling her on her personal cell-phone number.

19. At the beginning of the therapy session, Plaintiff began by giving Daly an overview of her life, relationship, and prior traumas.

20. Eventually, Daly began asking Plaintiff questions about sex, such as how her sex life was, what she enjoyed doing in the bedroom, and what sexual acts she performs, etc.

21. Further, Daly suggested to Plaintiff that she needed to have a same-sex experience in order to understand polyamory.

22. Although Plaintiff tried to redirect the conversation to the issues she sought to address, Daly repeatedly returned to the topic of sex and asked other intrusive questions, such as what she was doing later in the evening and if she was busy.

23. Then, the conversation escalated to Daly asking Plaintiff if she took pictures of herself and if she would send him some pictures.

24. Plaintiff asked Daly why he was asking deeply personal questions, to which he began telling her it is because she sounded "sexy" and he wanted her to have sex with him and perform oral sex on him.

25. During the therapy session, Plaintiff sent multiple text messages to her boyfriend stating that Daly was hitting on her and even informed him that Daly asked her for oral sex.

26. Although uncomfortable, Plaintiff continued to comply with Daly during the session because she feared he had access to her address and other personal information.

27. After enduring Daly's abuse for over an hour, Plaintiff was able to end the call.

28. On September 13, 2024, Plaintiff reported the incident to BetterHelp, the Lower Allen Township Police Department, and the Pennsylvania State Board of Social Work, Marriage and Family Therapists, and Professional Counselors.

29. When speaking with BetterHelp's third-party answering service, Plaintiff specifically requested someone from BetterHelp contact her as soon as possible.

30. Notwithstanding the third-party answering service's assurances that Plaintiff's concerns would be escalated by every means available, Plaintiff received no response, outreach, or support from BetterHelp at any time thereafter—despite BetterHelp having matched Plaintiff with Daly as her counselor.

31. Further, approximately a month after the incident, Plaintiff attempted to retrieve the therapy notes from her session with Daly. However, BetterHelp and Regain refused to provide her with her own records.

32. Instead, despite knowing Plaintiff had reported Daly's inappropriate and unethical conduct, they requested her identifying information so Daly could contact her directly.

Date: Sunday, October 20, 2024 at 12:11 PM UTC

Hi there,

Thank you for your patience.

We can certainly assist you with your request, however, we are unable to assist a third party with this request without a subpoena.

Please confirm your contact information so that I can ask the therapist to get in touch with you directly.

I look forward to hearing from you.

Warm regards,
Mikaela
Regain Team

33. On or around February 1, 2025, the Lower Allen Township Police Department received information from BetterHelp confirming that Daly's phone number was the number dialed for Plaintiff's therapy session. They issued a summons for harassment shortly thereafter.

34. On February 24, 2026, Daly was arrested and charged with harassment, which involves communicating lewd, threatening language.

35. Because of the foregoing conduct of Defendants, the Plaintiff suffered severe and permanent injuries and damages, as outlined herein.

**COUNT I**
**Corporate Negligence**
***(Plaintiff v. Defendants Teladoc Health and BetterHelp)***

36. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

37. Defendants arrange and coordinate the mental health care of their patients by: recruiting, credentialing, and screening therapists on their platform; by

choosing which therapist each patient is assigned to; and by hosting and controlling the platform where therapy sessions happen.

38. Defendants owed duties to Plaintiff to exercise reasonable care in the operation of their online mental health platform

39. Defendants owed Plaintiff nondelegable duties of corporate care, including the duty:

a. To implement and maintain a reasonably safe and secure telehealth platform;
b. To select and retain only competent providers, including by credentialing, screening, and vetting Defendant Daly before assigning him to Plaintiff;
c. To oversee all providers rendering care through Defendants' platform as to patient care, including by supervising, monitoring, and evaluating Defendant Daly;
d. To formulate, implement, and enforce reasonable policies and procedures to ensure quality patient care, including policies that prohibit sexual misconduct, require prompt investigation of patient complaint, and protect a reporting patient from further contact with the accused provider.

40. Defendants breached these duties, including by:

a. Assigning Plaintiff to Defendant Daly without, upon information and belief, adequately screening his competence and fitness to treat a patient seeking help with her relationships;

b. Failing to monitor or supervise Defendant Daly's sessions;

c. Failing to have or enforce policies that would have stopped, flagged, or responded to provider misconduct; and

d. Failing to enforce adequate complaint-handling and patient protection policies, including Defendants' failure to respond to Plaintiff's report and instead sought her identifying information so Defendant Daly could contact her directly.

41. Defendants had actual or constructive knowledge of the defect or procedures which created the harm, which was a substantial factor in bringing about the harm to the injured party.

42. As a direct and proximate cause of Defendants' actions and omissions, and breach of the duties of reasonable care, Plaintiff was injured, resulting in damages.

**COUNT II**
**Negligence, Gross Negligence, and Recklessness**
***(Plaintiff v. Defendants Teladoc Health and BetterHelp)***

43. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

44. This Count is pleaded in addition to, and in the alternative to, Count I.

45. At all times relevant, Defendants owed a duty to protect Plaintiff from harm while in the care of Defendants and/or Defendants' agents.

46. Defendants violated its duty, and was negligent, careless, grossly negligent, and/or reckless as follows:

a. By failing to establish adequate sexual abuse and harassment

prevention policies, procedures, and practices;

b. By failing to make mandatory and adhere (and ensure adherence) to such policies, procedures, and practices;

c. By failing to adequately screen and supervise all those with access to patients, including Perpetrator;

d. By failing to retain, hire, train, and supervise agents/employees with regard to the prevention of sexual abuse;

e. By failing to adequately monitor and supervise Perpetrator and Plaintiff;

f. By failing to know the risks of sexual abuse inherent in mental health serving activities;

g. By failing to recognize the signs that Perpetrator was a sexual predator;

h. By failing to provide effective mechanisms for patients to report misconduct;

i. By failing to provide Plaintiff with appropriate support after she reported the incident;

j. By failing to communicate with Plaintiff after she reported the incident, despite her repeated requests;

k. By failing to provide Plaintiff with access to her medical records following the incident; and

l. By violating the duties imposed upon them pursuant to the Restatement of Torts, Second, §§ 314A, 315, 317, 323, 324A, 343, 344, & 371, as adopted in Pennsylvania.

47. Defendants knew of and allowed the conduct described above.

48. As a direct and proximate cause of Defendants' actions and omissions, and breach of the duties of reasonable care, Plaintiff was injured, resulting in damages.

**<u>COUNT III</u>**

**Negligent Hiring, Supervision, and Retention**

***(Plaintiff v. Defendants Teladoc Health and BetterHelp)***

49. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

50. At all relevant times, Defendant Daly was an employee or agent of Defendants who provided therapy services to Defendants' patients through Defendants' platform.

51. The Defendants owed Plaintiff a duty to exercise due care in employing, supervision, and retaining people engaged in patient care and to prevent tortious conduct such as Defendant Daly's conduct from occurring within Defendants' therapy platforms utilizing Defendants' tools and instrumentalities.

52. The Defendants breached their duties and were negligent in hiring, supervising, and retaining Defendant Daly by hiring or engaging Defendant Daly without reasonable investigation of his fitness and failing to supervise and monitor Defendant Daly's sessions with patients.

53. As a direct and proximate cause of Defendants' actions and omissions, and breach of the duties of reasonable care, Plaintiff was injured, resulting in damages.

## COUNT IV
### *Respondeat Superior*, Vicarious Liability, and Ostensible Agency
### *(Plaintiff v. Defendants Teladoc Health and BetterHelp)*

54. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

55. At all relevant times, Defendant Daly provided mental health counseling to Plaintiff as an actual or ostensible agent, servant, or employee of Defendants.

56. At all relevant times, Defendant Daly was acting as an employee, servant, agent, and/or ostensible agent of Defendants Teladoc Health and BetterHelp and was acting within the course and scope of that employment or agency.

57. Defendant Daly owed Plaintiff a duty to provide counseling services under the standard of care for licensed mental health professionals, including the duty to keep professional boundaries with a patient.

58. On the date of the incident, while acting within the course and scope of that employment or agency, Defendant Daly sexually harassed Plaintiff during a telehealth therapy session.

59. The Defendants, individually, and through their actual, apparent, and/or ostensible agents, servants and/or employees, are liable to Plaintiff based on the foregoing tortious conduct of Defendant Daly, who directly and pursuant to the laws of agency, vicarious liability, and/or *respondeat superior*, for the acts of their real and/or ostensible agents, servants, and/or employees identified herein.

60. Defendants controlled, or had the right to control, the manner in which Defendant Daly performed counseling services through their platform. Defendants assigned patients to Defendant Daly, required him to deliver sessions through

Defendants' platform, set the terms and format of those sessions, set and collected the fees, and kept the authority to monitor, suspend, or remove him.

61. At all times relevant, Defendants owed a duty to protect Plaintiff.

62. Plaintiff's injuries were caused as a direct and proximate result of the negligence, gross negligence, carelessness, and reckless indifference of Defendants' by and through its real, ostensible, or apparent agents, servants, and/or employees.

63. As a direct and proximate cause of Defendants' actions and omissions, and breach of the duties of reasonable care, Plaintiff was injured, resulting in damages.

**COUNT V**
**Intentional Infliction of Emotional Distress**
***(Plaintiff v. Defendant Daly)***

64. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

65. At all relevant times, Defendant Daly intentionally and/or recklessly engaged in the conduct described above.

66. Defendant Daly's conduct was extreme and outrageous, went far beyond the bounds of decency and would be regarded as utterly intolerable in a civilized community.

67. Defendant Daly intentionally targeted Plaintiff at a time when she was

vulnerable and in a private medical setting.

68. Defendant Daly knew, or recklessly disregarded the substantial probability, that his conduct would cause severe emotional distress to Plaintiffs.

69. Plaintiff experienced immediate terror, humiliation, and shame during Defendant Daly's harassment.

70. As a direct and proximate result of Defendant Daly's conduct, Plaintiff has suffered severe and ongoing emotional distress, including anxiety, humiliation, and post-traumatic stress symptoms.

71. Plaintiff may in the future be prevented from performing her usual activities, occupations, and avocations due to the emotional distress caused by Defendant Daly's conduct.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## DEMAND FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff respectfully requests judgment in her favor and against Defendant(s) as follows: (1) compensatory damages in an amount to be proven at trial; (2) pre- and post-judgment interest; (3) such other and further relief as this Court deems just and proper.

Respectfully Submitted,

**ANDREOZZI + FOOTE**

Dated: October 9, 2026

*s/ Veronica N. Hubbard*
Veronica N. Hubbard, Esquire
Haley J. Kyllonen, Esquire
4503 North Front Street
Harrisburg, PA 17110
Ph: 717.525.9124 | Fax: 717.525.9143
teama@vca.law
veronica@vca.law
haley@vca.law
*Attorneys for Plaintiff*